IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| SHANON HIERS, as Father and Next Friend of D.H., a minor, deceased, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 3:24-cv-123-RAH-JTA (WO) |
| STEPHEN BLACKWELL and DAWN BLACKWELL, | ) ) ) | |
| Defendants. | ) ) | |

## ORDER

Before the court is the Motion to Quash Subpoena, or in the Alternative, Motion for Protective Order and for Compensation filed by Movant Alabama Department of Human Resources (DHR). (Doc. No. 21.) For the reasons stated below, the motion is due to be denied.

### I.   DISCUSSION

A.   Motion for Protective Order

DHR's motion concerns a subpoena issued by Plaintiff seeking the following materials:

> The entire DHR file on the child, D.H. including but not limited to: the Individualized Service Plan (ISP), training materials given to prospective foster care families, CPS, CAIN, Form DHR-FCS-1593, any and all emails sent to the family, any and all documents concerning any investigation into the child's death, Form PSD-BFC-7311, Form PSD BFC-623, and Form DHR-DFC-1598.

(Doc. No. 21-1 at 4.)

Citing Alabama statutory and case law concerning the confidentiality of such materials, DHR submitted and moves for entry of a proposed protective order regarding the production of the subpoenaed records. (Doc. No. 21.)

Rule 26(c)(1) of the Federal Rules of Civil Procedure governs motions for protective orders. It provides, in pertinent part, as follows:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. **The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action.**

Fed. R. Civ. P 26(c)(1) (emphasis added).

In addition, the *Guidelines to Civil Discovery Practice in the Middle District of Alabama*[1] require "the parties [to] communicate either by telephone or at a face[-]to[-]face meeting (i.e. – in person, by Skype, video conference or the like)[2] regarding discovery disputes." *Guidelines to Civil Discovery Practice in the Middle District of Alabama*, Summary of the 2015 Revisions.

---

[1] The *Guidelines to Civil Discovery Practice in the Middle District of Alabama* may be found on the court's website at https://www.almd.uscourts.gov/forms/guidelines-civil-discovery-practice-middle-district-alabama.

[2] Written communications such as letters, emails, and text message exchanges are correspondence, not a conference. To satisfy the requirement of holding a conference, a telephone call, videoconference, or face-to-face meeting is required. *Kennedy v. Dep't of Transportation*, No. 3:22-CV-645-RAH-JTA, 2024 WL 4847353, at *1 (M.D. Ala. Nov. 20, 2024); *see also Knight v. Wells Fargo & Co.*, No. 1:23-CV-162-ECM-JTA, 2023 WL 7458854, at *1 (M.D. Ala. Oct. 24, 2023) ("The court expects the good faith conference to be conducted either in person or by telephone, and further expects that some or all discovery issues can be resolved in this manner.").

"In this District, the good-faith conference requirements of the Federal Rules of Civil Procedure and the Guidelines to Civil Discovery Practice are strictly enforced." *Kennedy v. Dep't of Transportation*, No. 3:22-CV-645-RAH-JTA, 2024 WL 4847353, at *1 (M.D. Ala. Nov. 20, 2024). This is because, as the Guidelines mention, "[t]he Federal Rules anticipate that discovery will proceed without the intervention of the Court," and "many discovery disputes can be resolved informally if the parties will communicate prior to Court intervention." *See* Rule I.A., *Guidelines to Civil Discovery Practice in the Middle District of Alabama*; *Ross v. Sejin Am., Inc.*, No. 3:18-CV-537-RAH-JTA, 2021 WL 6973878, at *1 (M.D. Ala. Apr. 27, 2021) (denying a motion for a protective order that did not contain the certification required by Rule 26(c)); *Theriot v. Nw. Mut. Life Ins. Co.*, 382 F. Supp. 3d 1255, 1257 (M.D. Ala. 2019) ("[N]owhere in their Motion … do Defendants certify that they attempted to confer with Plaintiff prior to filing their [m]otion [for protective order]. Therefore, Defendants' [m]otion is due to be denied for this reason alone."); *see also Hertenstein v. Kimberly Home Health Care, Inc.*, 189 F.R.D. 620, 635 (D. Kan. 1999) (explaining that a local rule requiring a good-faith conference prior to the filing of discovery motions "encourages resolving discovery disputes without judicial involvement," whereas "[f]ailure to confer or attempt to confer may result in unnecessary motions" and the expenditure of judicial "resources better applied elsewhere").

DHR's motion for a protective order does not include a certification that DHR attempted to first confer with the other affected parties before filing the motion for

protective order.³ On that basis, the motion for protective order is due to be denied. *See Bennett v. Chitwood*, 519 F. App'x 569, 572 (11th Cir. 2013) ("The magistrate judge did not abuse his discretion in denying Bennett's motion for discovery" because the movant "failed to abide by Rule 26," including failing to "certify that he had made a good faith effort to confer or attempt to confer" with the affected parties prior to filing the motion); *see also Samadi v. Bank of Am., N.A.*, 476 F. App'x 819, 821 (11th Cir. 2012) (finding that "[t]he district court was not required to grant [a] motion to compel when [the movant] failed to certify that he had conferred in good faith with [opposing] counsel" or comply with local rules regarding discovery motions).

B.     Motion to Quash or Modify

As an alternative to entry of a protective order, DHR moves to quash or modify the subpoena. Rule 45 of the Federal Rules of Civil Procedure provides, in relevant part, as follows:

> On timely motion, **the court for the district where compliance is required** must quash or modify a subpoena that: …
>
> requires disclosure of privileged or other protected matter, if no exception or waiver applies.

Fed. R. Civ. P. 45(d)(3) (emphasis added).

The place of compliance specified in the subpoena is located in Birmingham, Alabama, which is in the Northern District of Alabama. (Doc. No. 21-1 at 1.) Therefore,

---

³ Based on past experience and in light of the authorities cited in DHR's motion, the court notes that, in this case in particular, it is likely that the parties could have agreed on an appropriate protective order without court intervention if only DHR had complied with its obligations to confer with the other affected parties in good faith prior to filing the motion.

the motion to quash is due to be denied because it was filed in the wrong district. *See* Fed. R. Civ. P. 45 (Advisory Committee Notes to the 2013 Amendments) ("Under Rules 45(d)(2)(B), 45(d)(3), and 45(e)(2)(B), subpoena-related motions and applications are to be made to the court where compliance is required under Rule 45(c)."); *Hoog v. PetroQuest, LLC*, 338 F.R.D. 515, 517 (S.D. Fla. 2021) ("Federal Rule of Civil Procedure 45 requires subpoena-related motions to be filed in the district where compliance with the subpoena is required. Fed. R. Civ. P. 45(c), (d)(2)(B)(i), and (d)(3)(A); *Morrissey v. Subaru of America, Inc.*, No. 1:15-cv-21106, 2015 WL 9583278, at *3 (S.D. Fla. Dec. 31, 2015)."); *Victorino v. FCA US LLC*, No. 16-CV-01617-GPC-JLB, 2018 WL 1449528, at *1 (S.D. Cal. Jan. 26, 2018) ("Absent a transfer" in accordance with Rule 45(f) of the Federal Rules of Civil Procedure, "only a court in the district of the place of compliance has jurisdiction to compel compliance, or modify or quash a subpoena." (footnote and citations omitted)); *Bernath v. Seavey*, No. 2:15-CV-358-FTM-99CM, 2017 WL 11025770, at *2 (M.D. Fla. May 9, 2017) ("Here, the subpoena … requires compliance in Waxahachie, Texas…. Accordingly, pursuant to Federal Rule of Civil Procedure 45(d)(3)(A), the Middle District of Florida is not 'the district where compliance is required' and lacks the jurisdiction to quash this subpoena."); *Narcoossee Acquisitions, LLC v. Kohl's Dep't Stores, Inc.*, No. 6:14-cv-203-Orl-41TB, 2014 WL 4279073, at *1 (M.D. Fla. Aug. 28, 2014) (noting that, "[u]nder the 2013 amendments to Federal Rule of Civil Procedure 45, the district court with jurisdiction to enforce and to quash subpoenas is the 'court for the district where compliance is required,' which may or may not be the court that issued the subpoena," and concluding that, where a subpoena duces tecum "require[d] [the recipient] to mail the

5

documents to [the defendant's] attorney's office, which is located in the Middle District of Florida," the place of compliance was located in the Middle District of Florida, although the recipient of the subpoena (and its records) were located in California (quoting Fed. R. Civ. P. 45(d)).

Alternatively, the motion to quash is due to be denied because DHR did not demonstrate that it complied with Rule I.A. of the *Guidelines to Civil Discovery Practice in the Middle District of Alabama* by conferring first with the affected parties prior to filing the motion to quash. *See Bosch v. Ball-Kell*, No. 05-80686-CIV, 2006 WL 8435488, at *2 (S.D. Fla. Apr. 10, 2006) (finding that "[t]he Plaintiff filed a motion [to quash a subpoena] in this Court, and that motion must comply with the local rules," including the local requirement of a conference prior to the filing of the motion); *Hertenstein v. Kimberly Home Health Care, Inc*., 189 F.R.D. 620, 635 ("Although Fed. R. Civ. P. 45 itself imposes no duty to confer, the District of Kansas has imposed such a duty by local rule. *See* D. Kan. Rule 37.2.").

C.     Motion for Compensation

DHR moves for an order directing Plaintiff to pay for the cost of producing the documents as required by Ala. Admin. Code r 660-1-1-.02, which requires that DHR release certified copies of subpoenaed records only after payment is made for the actual cost of searching, sorting, and duplicating the subpoenaed materials. Rule 45 provides, in relevant part, as follows:

> A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. **The court for the district where compliance is**

**required must enforce this duty** and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

Fed. R. Civ. P. 45(d)(1) (emphasis added).

DHR's motion for compensation is due to be denied for three alternative, independent reasons: first, because it was filed in the wrong district; second, because DHR failed to demonstrate compliance with Rule I.A. of the *Guidelines to Civil Discovery Practice in the Middle District of Alabama*; and third, because the motion is premature, since the denial of the motion for protective order and the motion to quash or modify the subpoena leave unresolved whether DHR must produce any records at all.

## II.   CONCLUSION

Accordingly, it is ORDERED is follows:

1. The motion for protective order (Doc. No. 21) is DENIED.

2. The motion to quash or modify the subpoena (Doc. No. 21) is DENIED.

3. The motion for compensation for production of records (Doc. No. 21) is DENIED.

DONE this 26th day of November, 2024.

JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE